UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LARRY C. WISE,**

    **Plaintiff,**                              Case No. 18-cv-13851

    v.                                    District Judge Robert H. Cleland

**RYAN MORO and**                      Magistrate Judge Mona K. Majzoub
**WILLIAM DOBBERSTEIN,**
**Michigan State Police Officers**
**in their individual capacities,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Larry C. Wise alleges that Defendants Officer Ryan Moro and Officer William Dobberstein violated his rights under the Fourth and Fifth Amendments to the U.S. Constitution. (Docket no. 1.) Before the Court are Plaintiff's motion for declaratory judgment (docket no. 16) and Plaintiff's motion for summary judgment (docket no. 20). This case has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 14.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I.**    **RECOMMENDATION**

For the reasons stated herein, the undersigned recommends that the Court **DENY** Plaintiff's motion for a declaratory judgment (docket no. 16) and **DENY** Plaintiff's motion for summary judgment (docket no. 20).

**II. REPORT**

 **A. Background**

Plaintiff Larry C. Wise filed this action alleging that Defendants violated his rights under the Fourth and Fifth Amendments to the U.S. Constitution. (Docket no. 1.) Plaintiff seeks damages pursuant to 42 U.S.C. § 1983. (*Id.*)

Plaintiff asserts that Defendants, who are officers of the Michigan State Police, wrongfully seized and searched his vehicle on July 3, 2017 in Holy Township, Michigan. (*Id.* at 3–4, 22.) On that date, Defendant Moro observed a vehicle with an "unrecognized license plate that appeared to be homemade" and initiated a traffic stop. (*Id.* at 22.) Plaintiff, who was driving the vehicle, declined to provide a driver's license. (*Id.*) Defendant Moro directed Plaintiff to exit the vehicle and placed him in handcuffs. (*Id.*) Defendant Moro then performed a "pat down" on Plaintiff and removed his wallet from his pocket. (Docket no. 28-2, p. 3.) Defendant Moro "ran the vehicle through the Michigan Law Enforcement Information Network, which revealed the vehicle as unregistered." (*Id.*)

After Defendant Dobberstein arrived on the scene, Defendant Moro asked Plaintiff's permission to search the vehicle. (*Id.* at 4.) Plaintiff withheld permission, but because the vehicle was being impounded, Defendant Moro conducted an inventory search of the vehicle. (*Id.*) Defendant Moro issued a citation to Plaintiff for unlawful use of a license plate, and the homemade plate was "taken into custody and subsequently destroyed." (*Id.*)

Plaintiff filed the present complaint on December 12, 2018. (Docket no. 1.) On April 15, 2019, the Court opened discovery through January 6, 2020. (Docket no. 26.) Plaintiff moves for summary judgment on his claims that Defendants violated his rights under the Fourth and Fifth Amendments to the U.S. Constitution and that Defendants defamed and falsely imprisoned him

under Michigan law.  (Docket no. 20.)  Plaintiff also moves for a "declaratory judgment" that "[i]f a citizen is not engaged in commerce or using the roads for profit or gain, and does not request or apply to the state for the license privilege, . . . the citizen [has] retained their right to travel under the common law upon the public roads without regulation."  (Docket no. 16.)  Defendants oppose both motions.  (Docket no. 21; docket no. 28.)

### B.  Standard of Review

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case.  *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915.  A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252

(1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

**C. Analysis**

Plaintiff moves for summary judgment of his claims that Defendants violated the Fourth and Fifth Amendments to the U.S. Constitution as well as Michigan law in connection with the July 3, 2017 traffic stop. (Docket no. 20.) As discussed more fully below, the Court should deny Plaintiff's motion because discovery remains open and Defendants raise genuine issues of material fact.

*1. Fourth Amendment Claims*

Plaintiff asserts that Defendants violated the Fourth Amendment by: (1) initiating the traffic stop, (2) searching Plaintiff's person, (3) searching Plaintiff's vehicle, and (4) handcuffing Plaintiff with excessive force. (*See generally*, docket no. 1.)

a. Traffic Stop

Plaintiff asserts that Defendants unlawfully detained him. (Docket no. 20, pp. 14–15.)

"In order to effect a traffic stop, an officer must possess either probable cause of a civil infraction or reasonable suspicion of criminal activity." *United States v. Lyons*, 687 F.3d 754, 763 (6th Cir. 2012). Defendant Moro testified that he stopped Plaintiff on suspicion that his vehicle displayed a "self-constructed" license plate. (Docket no. 28-2, p. 3.) Michigan law requires drivers to display a valid registration plate and prohibits the display of a "registration plate not issued for the vehicle or not otherwise lawfully used under th[e] [Michigan Motor Vehicle Act]." Mich.

4

Comp. Laws §§ 257.255–256.  The Court should find that Plaintiff is not entitled to summary judgment on his claim that Defendant Moro unlawfully initiated the traffic stop.

### b. Pat-down of Plaintiff

An officer may "perform a 'patdown' of a driver and any passengers upon reasonable suspicion that they may be armed and dangerous."  *Knowles v. Iowa*, 525 U.S. 113, 118 (1998) (citing *Terry v. Ohio*, 392 U.S. 1, 27 (1968)).  "Reasonable suspicion is based on the totality of the circumstances."  *Joshua v. DeWitt*, 341 F.3d 430, 443 (6th Cir. 2003).  The Court must consider "whether a reasonably prudent [person] in the [officer's] circumstances would be warranted in the belief that his safety or that of others was in danger."  *Terry*, 392 U.S. at 27.

Defendant Moro testified that Plaintiff displayed a false license plate and refused to provide a driver's license when asked.  (Docket no. 28-2, p. 3.)  The Court should find that genuine issues of material fact remain regarding whether Defendant Moro had reasonable suspicion that Plaintiff was armed and dangerous.

### c. Inventory Search

Police may conduct an inventory search of an automobile that is being impounded without running afoul of the Fourth Amendment.  *United States v. Jackson*, 682 F.3d 448, 455 (6th Cir. 2012) (citing *United States v. Smith*, 510 F.3d 641, 650 (6th Cir. 2007)).  "In order to be deemed valid, an inventory search may not be undertaken for purposes of investigation, and it must be conducted according to standard police procedures."  *Id*. (citing *Smith*, 510 F.3d at 651).

Officer Moro testified that he conducted an inventory search on Plaintiff's vehicle because it was being impounded.  (Docket no. 28-2, p. 4.)  The record of this inventory search, on a Michigan State Police template, is sparse and does not record any of the vehicle's contents.  (Docket no. 28-5.)  On this basis, Plaintiff contends that the search was pretextual.  (Docket no.

29, p. 6.) However, according to the Michigan State Police protocol produced by Plaintiff, officers are required to record "items of an unusual nature" but are not required to "list items normally found in a vehicle." (Docket no. 29, pp. 17–20.)

The Court should find that genuine issues of material fact remain regarding whether the inventory search conducted by Defendant Moro complied with the Fourth Amendment.

### d. Handcuffing

Plaintiff contends that Defendants used excessive force by "cuff[ing] [Plaintiff] behind his back and forc[ing] [him] to sit in the officer's car for nearly an hour." (Docket no. 20, p. 15.)

The Fourth Amendment governs excessive force claims and requires the court to determine whether the amount of force used was objectively reasonable in light of the facts and circumstances confronting the officers' actions. *Graham v. Connor*, 490 U.S. 386, 395-96 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id*. at 396 (citations and internal quotation marks omitted). In determining the reasonableness of the force used, the court should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Ingram v. City of Columbus*, 185 F.3d 579, 596 (6th Cir. 1999) (citation omitted). The court should be guided by the principle that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 397.

Defendants both testified that during the detainment Plaintiff did not "state that the handcuffs were too tight or that he was in any pain or discomfort." (Docket no. 28-2; docket no. 28-4.) On the present record, the Court should conclude that genuine disputes of material fact remain regarding the reasonableness of Defendants' use of force.

2. *Homemade License Plate*

Plaintiff asserts that Defendants violated the Fifth Amendment by confiscating and destroying his homemade license plate. (Docket no. 20, pp. 16–17.)

As an initial matter, the Court should regard this claim not as a "taking" under the Fifth Amendment but rather as a seizure under the Fourth Amendment. *See United States v. Droganes*, 728 F.3d 580, 591 (6th Cir. 2013) (observing that "the [g]overnment's seizure and retention of property under its police power does not constitute a 'public use.'") (citing *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1341 (Fed. Cir. 2011)). *See also Spann v. Carter*, 648 F. App'x 586, 589 (6th Cir. 2016) (holding that "the Takings Clause does not prohibit the uncompensated seizure of evidence in a criminal investigation, or the uncompensated seizure and forfeiture of criminal contraband").

With respect to seizures of property under the Fourth Amendment, "[t]he general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir. 1977). Whether something is contraband—strictly unlawful to possess or produce—is defined by positive law. *Smith v. City of Detroit, Michigan*, 751 F. App'x 691, 695 (6th Cir. 2018) (citing *United States v. Church*, 823 F.3d 351, 355 (6th Cir. 2016)).

Michigan law expressly permits the state department to "take possession of . . . any license or registration plate . . . which is fictitious." Mich. Comp. Laws § 257.210. The law also prohibits the display of such an unauthorized license plate. § 257.256.

Accordingly, on the present record the Court should find that a genuine dispute remains regarding whether Defendants could reasonably confiscate and dispose of Plaintiff's homemade license plate as "contraband."

### 3. State-Law Claims

Plaintiff also moves for summary judgment on his state-law claims of defamation and false imprisonment. (Docket no. 20, pp. 17–19.)

#### a. Defamation

Plaintiff asserts that Defendant Moro defamed him by writing in his police report that Plaintiff "was a follower of the sovereign citizen movement." (Docket no. 20, p. 18.)

Under Michigan law, the elements of a defamation claim are: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication." *Mitan v. Campbell*, 706 N.W.2d 420, 421 (Mich. 2005).

Defendants dispute each element, but in particular contend that an internal police report is not an "unprivileged communication to a third party" and that Defendant Moro was not negligent in reporting that Plaintiff was a member of the sovereign citizen movement. (Docket no. 28, p. 19.) Defendant Moro testified that he determined that Plaintiff was a member of the sovereign citizen movement based on his "conversation with [Plaintiff], the self-constructed plate, and [Defendant Moro's] past interactions with the sovereign citizen movement" and completed the

8

police report for "internal information purposes." (Docket no. 28-2, p. 4.) On this basis, the Court should find that genuine issues of material fact remain regarding Plaintiff's defamation claim.

### b. False Imprisonment

Plaintiff alleges that Defendants falsely imprisoned him by "restrain[ing] [Plaintiff] of his liberty without any sufficient legal cause therefor." (Docket no. 1, p. 11.)

Under Michigan law, "[t]o prevail on a claim of false arrest or false imprisonment, a plaintiff must show that the arrest was not legal, *i.e.*, the arrest was not based on probable cause." *Peterson Novelties, Inc. v. City of Berkley*, 672 N.W.2d 351, 362 (Mich. App. 2003).

Defendants contend that Plaintiff was lawfully detained during the traffic stop. (Docket no. 28, p. 21 (citing *United States v. Pacheco*, 841 F.3d 384, 390 (6th Cir. 2016)).) For the reasons described in the context of Plaintiff's unlawful-seizure claim, the Court should find that genuine issues of material fact remain regarding Plaintiff's false imprisonment claim.

### c. Government Immunity

Defendants additionally contend that they are shielded by government immunity against Plaintiff's state-law claims. (Docket no. 28, pp. 21–22.) This defense raises additional genuine issues of material fact precluding summary judgment in favor of Plaintiff. *See* Mich. Comp. Laws § 691.1407.

### 4. Motion for Declaratory Relief

Plaintiff moves for a declaratory judgment that the State of Michigan cannot require him to register his vehicle to drive for "private travel" on Michigan roads. (Docket no. 16, p. 3.)

Because the declaratory judgment statute requires the existence of an "actual controversy," the Court should not address this question in the abstract, but only as it pertains to Plaintiff's claims addressed above. *See* 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction . .

. , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.").

Plaintiff contends that Defendant Moro lacked reasonable suspicion to detain him because the law he allegedly violated—Michigan's requirement of a valid registration—is unconstitutional. (Docket no. 1, p. 3.) The Court should not accept this argument.

Although the Supreme Court has recognized a fundamental right to travel, that right "does not embody a right to a driver license or a right to a particular mode of transportation." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 534 (6th Cir. 2007). *See also Fowler v. Benson*, 924 F.3d 247, 261 (6th Cir. 2019) (observing that the Sixth Circuit has "held 'there is no fundamental right to drive,'") (citing *Duncan v. Cone*, 2000 WL 1828089, at *2 (6th Cir. Dec. 7, 2000)). By requiring drivers to register their cars, Michigan has not implicated a fundamental right for the purposes of the U.S. Constitution.

Accordingly, Plaintiff offers no persuasive authority that Michigan's registration requirement is unconstitutional.

### D. Conclusion

For the above-stated reasons, the undersigned recommends that the Court **DENY** Plaintiff's motion for a declaratory judgment (docket no. 16) and **DENY** Plaintiff's motion for summary judgment (docket no. 20).

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure

to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 9, 2019            s/Mona K. Majzoub            s/
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Plaintiff and counsel of record on this date.

Dated: July 9, 2019            s/S. Osorio
                               Acting Case Manager

11